Per Curiam.

In the present case there is no warranty, either express or implied, nor any representation that the ship- or goods were neutral property ; and besides the usual risks, inserted in printed policies, this .policy declares that the insurance is to be “ against all risks.”(a) .This expression is vague and indefinite, but if we allow it any force, it must be considered as creating a special insurance, and extending to-other risks than are usually contemplated. "We are inclined to give it a liberal construction, and apply it to,all losses, except such as arise'from the fraud of the‘insured. This-limitation is necessary and proper, for it cannot be supposed that the plaintiff was to be insured against his own fraudulent,acts.' The terms used are sufficiently broad to comprehend every other loss. With this construction, whatever may be the effect of the sentence of a foreign court of admiralty in ordinary cases, it .will not interfere-with the plaintiff’s\ight 6^ recovery in'this.
-Much reiiahce was placed by the defendant’s counsel on the-extra‘bill offfiading, annexed to the plaintiff’s affidavit,, and found among the ship’s papers which, it was contended,, was false and colorable, and tended to enhance the risk. • We think'it could not have that effect. On the face of the pa *411 pers, it was plainly a mistake, and the other documents accompanying the property were calculated to lessen the risk, and preclude every idea of intentional fraud.
We are, therefore, of opinion, that the plaintiff is entitled to recover.
■ Judgment for the plaintiff.

 By the statement'pf facts in this ease it appears that these wprds were written. Upon the construction of policies of insurance, Lord Ellenborough, remarks, in the case of Robertson v. French, 4 East, 135, ‘‘ that the greater part of the printed language of them,being invariable and uniform has acquired from-Use and practice a known and. definite meaning, and that the words superadded in writing (subject, indeed always to be governed in point of construction by the language and terms'with which they are accompanied), are entitled nevertheless, if there should.be any reasonable doubt Upon the sense ánd meaning of the-whole, to have a greater effect, attributed to them than to the .printed words, inasmuch as the written words are the immediate language and terms-selected by. the. parties themselves for the expression of their meaning, and the printed words are a general formula adapted equally to-their case, and that of all other contracting parties upon similar occasions and subjects.”