SKIDMORE AND SKIDMORE *against* DESDOITY.

In an action on a policy of insurance on *" all lawful goods, &c. against all risks,"* it was held that the insurance covered all goods lawful to be exported from the United States, though *contraband of war,* and owned by a subject of one of the belligerents.(*a*)

THIS was an action on a policy of insurance, upon *" all lawful goods and merchandizes,"* on board of the schooner Fox, from New York to New Orleans, *"against all risks,"* &c. *Premium,* 13 per cent. Plea, the general issue.

The plaintiffs were British subjects, and partners in trade, residing in the city of New York, and on the 31st of January, 1799, put on board the Fox, at New York, a bale of Russia sheeting, of the value of 475 dollars. The vessel sailed on her voyage and was captured by a British cruiser, and carried into New Providence, where the goods in question were condemned, under the name of *ticklenburghs,* as contraband of war, and enemy's property. The plaintiffs, on hearing of the condemnation, abandoned for a total loss.

It appeared that the premium for underwriting contraband goods was 17½ per cent.

The jury found a verdict for the plaintiff.

[*78]    *A motion was made to set aside the verdict, and for a new trial, which was argued by *Riggs,* for the plaintiffs, and *Pendleton* and *Troup,* for the defendant.

*Per Curiam.* In the case of *Seton and others* v. *Low,* (1 Johns. Cas. 1,) it was decided, that an insurance on lawful goods extended to all goods which it was lawful by the laws of this country to export, and that the insured was not bound to disclose to the insurer that the goods were of the description of contraband of war. Whatever effect the difference of premium might have, to do away the presumption that the insurer took upon himself the risk of goods of this description without a special disclosure, the stipulation

in the policy that the insurance was against all risks, must remove all doubt.

In the case of *Goix* v. *Knox*, (1 Johns. Cas. 337,) it was decided, that an insurance *against all risks*, protects the insured against every loss happening during the voyage, except such as may arise from the *fraud* of the insured. According to these decisions, the policy must be considered as covering all goods lawful to be exported, whatever may be their quality, or whoever may be owner. We are, therefore, of opinion, that the plaintiffs must have judgment.

Judgment for the plaintiffs.(*a*)

(*a*) The concealment of the fact that the goods intended to be covered by the policy were contraband of war seems to have been material within the rule laid down by Tindal, C. J., in *Elton* v. *Larkins*, 5 Carr. & Payne, 385. " A material concealment" says he " is a concealment of facts, which if communicated to the party who underwrites would induce him either to refuse the insurance altogether, or not to effect it except at a larger premium than the ordinary premium." S. C. 5 Carr. & Payne, 86. 8 Bing. 198. 1 M. & Scott, 323. Every fact and circumstance which can possibly influence the mind of any intelligent insurer in determining whether he will underwrite the policy, or at what premium he will underwrite it is material. *Supra*, vol. 1, p. 5, n. *b*. In *Seton & Co.* v. *Low*, no evidence was offered that a higher rate of premium was charged for insurance upon goods that were contraband of war.