*Nicholas Goix, *Plaintiff in Error, against*    [*480]
    Nicholas Low, *Defendant in Error*.

In an action on a policy of insurance, the words condemned as *lawful prize*
in the sentence of a court of admiralty, affords no necessary inference that
the vessel was enemy's property ; and such sentences are not conclusive
evidence of the fact.

This cause came before the court, by writ of error from
the supreme court.    The facts contained in the special ver-
dict were the same as those stated in the report of this case,
and that of *Goix* v. *Knox*, 1 Johns. Cas. p. 337—341.

After argument, the court reversed the judgment of the
court below, on the ground, that being condemned as *lawful
prize*, afforded no *judicial inference* of the vessel's being
*enemy's property*,(a) as there may be other just causes of

(a) Mr. Phillipps, in the eighth edition of his work on Evidence, states that
" If no special ground is stated, and the ship is condemned generally as law-
ful prize, it is to be presumed from the condemnation, as no other cause ap-
pears, that the sentence proceeded on the ground of the property belonging
to an enemy ; and the sentence, in such a case, has been held to be conclu-
sive evidence that the property was not neutral ;" and he cites *Saloucci* v.
*Woodmas* to support the position.    Mr. Justice Radcliff, in his opinion above,
(1 Johns. Cas. 342,) observes, " I think the sentence is to be considered as
proceeding on the want of neutrality.    Its silence will not authorize a differ-
ent conclusion.    Enemy property forms the general ground of condemnation.
If founded on a special or different ground, it would probably have been stat-
ed, or might be made to appear from the libel, or the proceedings upon it, to
which it must have referred.    No other being shown, an extraordinary cause
of condemnation cannot be presumed.    This interpretation of silent sentences
was adopted in the case of *Saloucci* v. *Woodmas*, and appears to be natural
and just."

This doctrine, however, has been expressly denied in *Bailey* v. *South Caro-
lina Ins. Co.* (1 Nott & M'Cord, 544, n. *b*,) and Nott, J. after reviewing the
English cases, came to the conclusion that the weight of authority in Eng-
land was against *Saloucci* v. *Woodmas*.    Messrs. Cowen & Hill, in their
Notes, (vol. 2, p. 884,) remark : " In Pennsylvania, where the question was
whether certain property was *American*, conformably to a warranty in a po-
licy of insurance, held, that inasmuch as the libel stated contradictory causes
of condemnation, and the decree was general, so that the precise grounds of it
could not be ascertained, evidence was admissible on the part of the plaintiff,

condemnation ; and the sentence of the court of admiralty
not being conclusive,(*b*) there were no circumstances in the
case, authorizing a condemnation, nor showing a breach of
warranty.

Judgment of reversal.(*c*)

to show that the property was *American :* and it distinctly appearing from the
proof that such was the character of the property, Shippen, J. said : ' We
cannot presume that the judge of a foreign court has perjured himself, by de-
claring that property to be *French,* which we know to be *American ;* and of
course we must assume the position, that his decree proceeded upon the other
allegations in the libel,' viz. those which conceded the property to be Ameri-
can. (*Vasse* v. *Ball,* 2 Dall. Rep. 270, 275.   S. C. 2 Yeates' Rep. 178.   See
*Croussillat* v. *Ball,* 3 id. 375.)

" And in South Carolina, where the libel alleged one ground of condemna-
tion, and the sentence another, held, that it was such a case of ambiguity, as
to afford ground for opening the decree and suffering the parties to go into
evidence on both sides.   (*Blacklock* v. *Stewart,* 2 Bay's Rep. 363.   See S.
P. *Williamson* v. *Tunno,* id. 388.)

" The same doctrine was held in Maryland, where the decree was ambi-
guous, so that the precise grounds of it could not be gathered from it.   (*Gray*
v. *Swan,* 1 Har. & Johns. 142.)

" In Massachusetts, where the sentence, after alleging a rescue from the
possession of a belligerent captor, proceeded to declare, that for that cause, *or
otherwise,* the vessel was condemned, held, that the assured might disprove
the alleged rescue, and that the sentence was no more than mere *prima facie*
evidence.   (*Robinson* v. *Jones,* 8 Mass. Rep. 536.)   Not so, however, where
the sentence after stating one sufficient cause of condemnation, proceeded to
condemn the vessel for that cause, adding, *and for other sufficient causes.*
In this case, the sentence was held conclusive against the insured as to the
ground specially set forth.   (*Baxter* v. *The New England Mar. Ins. Co.* 6
Mass. Rep. 277.   See S. C. 7 id. 275.)

" In New York, we have already seen that the sentence of a foreign ad-
miralty court, is conclusive to change the property, but is only *prima facie*
evidence to affect a warranty or representation in a policy of insurance.   (See
2 Cowen & Hill's Notes, p. 883, note 626.)   And where the libel alleged va-
rious and inconsistent causes of condemnation, and the sentence pronounced
the vessel as forfeited ' for a breach of some or one of the laws relating to trade
and navigation ;' Spencer, Senator, regarded it as equivalent to saying that
the condemnation was for some cause or other, and consequently proved no-
thing as between the insured and underwriter.   (*The Ocean Ins. Co.* v. *Fran-
cis,* 2 Wend. Rep. 64, 74 ; and see per Walworth, Ch. id. 69, 70.)"

(*b*) See *supra,* 144, n. (*b*) to *Vandenheuvel* v. *The United Ins. Co.* and also
S. C. *supra,* p. 452.

(*c*) [Old note.]   From the cases of *Pollard* v. *Bell, Bird* v. *Appleton,* (8
Term Rep. 434, 562 ;)   *Price* v. *Bell,* (1 East, 663 ;) and *Fisher* v. *Ogle,* (1

Campb. N. P. Cases, 418,) it seems now to be the opinion of the English courts, that where the sentence of the foreign court of admiralty condemns merely as *good and lawful prize*, without adverting to the question, whether it is neutral or enemy's property, such sentence is not conclusive.

