## JAQUES SOYE v. MERCHANTS' INSURANCE COMPANY.

There is no rule of law or usage which requires the owner of an untenanted house to have it guarded by a keeper, to enable him to recover his insurance, in case of a loss of the building by fire.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *A. Pitot*, for plaintiff. *L. Pierce*, for defendants. The judgment of the court was pronounced by

SOYE
*v.*
MERCHANTS'
INSURANCE CO.

SLIDELL, J. This action is upon a fire policy, by which a dwelling-house was insured. The defendants answered that they were not liable, because, at the time of the fire, and long previous thereto, the house had been abandoned, and was left open and without a tenant, and that with ordinary care, attention and supervision, the loss would not have occurred. There was judgment for the plaintiff, and the defendants have appealed.

It appears that the house was built about a year previous to the fire, and the assured had not been able to procure a tenant, except during one month. The key of the house was left, during the principal portion of the time, with a neighbor, who was requested to rent or sell it, and who showed it to such persons as came to look at it. One witness says, that about two months before the fire, a window was left open for two or three nights and days; he mentioned it to the assured, and recommended to him to send some one to watch and occupy the house during the night. Another witness says, that several times in the day-time, (the dates he does not specify,) he had seen the front doors partially open; the house was in a thinly populated quarter; how the fire originated, does not clearly appear; but it is probable it was the work of an incendiary.

There is no clause in the policy, nor are we aware of any rule of law or usage, which would make it the duty of an assured to have his house, if untenanted, guarded by a keeper. It is said by counsel, that leaving an untenanted house open, is a temptation to incendiaries. But there is no evidence that the house was in that condition on the night of the fire, so that the legal effect of such negligence need not be determined.

Judgment affirmed, with costs.