JOSEPH HERRICK *versus* THE UNION MUTUAL FIRE INS. CO.

In his application for insurance, to the question, *who occupies the building?* the owner answered, "will be occupied by a tenant: *held,* in a suit on the policy to recover for loss, that the answer was not a stipulation that the building should be so occupied, but was rather the representation of his expectation that it should be occupied by a tenant, and not by himself.

Even if it was a warranty, the defence that the house was unoccupied at the time of the fire would fail, unless it appear the risk was increased by want of a tenant.

REPORTED by CUTTING, J., from *Nisi Prius.*

This was an action on a policy of insurance for a loss insured against. The case was presented on written arguments by

*W. G. Crosby,* for plaintiff, and by

*Dickerson,* for the defendants.

The opinion of the Court was drawn up by

RICE, J.— In the argument before this Court, reliance is only had upon the third specification of defence, which is in the following words:— " The assured, in his application, which is made a part of the contract, stipulated that the house should be occupied; whereas the house was not occupied."

The stipulation referred to, if it exist, is found in the application of the plaintiff for insurance. To the question,· "who owns and occupies the buildings?" the plaintiff answered, " owned by the applicant, will be occupied by a tenant."

The application contains the following stipulation:—"and I hereby covenant and agree to and with said company, that the foregoing is a correct description of the buildings and property requested to be insured, so far as regards the risk on the same." Does this constitute a warranty that the premises insured was, and should continue to be occupied by a tenant? And if so, was the occupation material to the risk?

There is a distinction between a representation of an expectation, and the representation of an existing fact. The latter is in the nature of a warranty; the former does not amount to a warranty. *Rice* v. *N. E. M. Ins. Co.*, 4 Pick., 439.

In *Catlin* v. *Springfield F. Ins. Co.*, 1 Sum., 434, the words in the policy described the house insured, as " at present occupied as a dwellinghouse, but to be hereafter occupied as a tavern." It was held that this was not a warranty that the house should, during the continuation of the risk, be constantly occupied as a tavern; but that it is, at farthest, a mere representation of an intention to occupy it as such. STORY, J., in his opinion in that case, says, " suppose a policy against fire, underwritten on the house of A, in Boston, described as a dwellinghouse, or as occupied as a dwellinghouse, would the policy be void if the house should cease for a time to have a tenant? Such a doctrine has never, to my knowledge, been asserted; nor should I deem it maintainable."

The answer to the interrogatory manifestly shows that the house, at the time of the application, was without a tenant; and that it was the expectation or representation of the applicant that it should be occupied by a tenant and not by the owner. Nor can it fairly be construed to mean that it should be occupied by a tenant during the whole period of the risk.

But, even if it were a warranty that it should be occupied ,by a tenant continuously, it could not avail the defendants, because it does not appear that the risk has been in any degree increased by want of a tenant, and the applicant only covenants that his representation shall contain a correct description of the building to be insured, so far as regards the risk on the same.

As the case is presented, the defence fails, and a default must be entered. *Defendants defaulted.*

TENNEY, C. J., APPLETON, CUTTING, MAY and KENT, JJ., concurred.