JAMES W. ALSTON and wife v. THE OLD NORTH STATE IN-SURANCE COMPANY.

*Insurance—Notice—Unoccupied Premises.*

1. Under a fire insurance policy requiring notice to be given if the insured premises become vacant, and the assured fails for six weeks to give such notice, it is inexcusable neglect which will relieve the company from liability in case of loss by fire occurring within the period of the vacancy.

2. Such notice must be given in a reasonable time. And it seems that a company would not be discharged from its obligation if no notice is given of a temporary interruption of continuous possession incidental to a change of tenants.

CIVIL ACTION to recover the amount of a Fire Insurance Policy, tried at January Special Term, 1879, of WAKE Superior Court, before *Seymour, J.*

The policy of insurance on which this action is brought was issued by the defendant corporation (whose principal place of business is Warrenton) on the 21st of July, 1876, to run for one year, and contains a clause making it void, if among other causes recited the insured premises " shall be used so as to increase the risk, or *become vacant and un-occupied,* or the risk be increased by the erection or occupa-tion of neighboring buildings, or by any means whatever within the control of the assured, without the assent of the

company endorsed thereon." The houses, dwelling and kitchen, had been insured for two years preceding, and it was then made known to defendant's agent who effected the insurance that they were intended for renting and were then rented to the tenant in possession. The tenant in possession when the last insurance was effected, under a contract of lease for that year, left on or about the 16th of December, 1876, and thence the premises remained unoccupied, though some of his furniture was still in the houses, until the 29th of January following, when the buildings were fired by an incendiary and destroyed. The plaintiffs had an agent to rent out the premises and he had not done so that year, but the vacancy was not known to plaintiffs until they visited the place (Manson, Warren county,) some five or six days before the burning.

The several issues submitted to the jury were found for the plaintiffs, and the only question reserved by consent to be decided by the court was the effect upon the policy of " the failure of occupancy." The court was of opinion that the vacancy and the failure to make it known and have it endorsed upon the policy with consent of the company, avoided the policy and plaintiffs could not recover. From which judgment they appealed.

*Messrs. A. M. Lewis* and *Gilliam & Gatling,* for plaintiffs.
*Mr. D. G. Fowle,* for defendant.

SMITH, C. J. (After stating the case.) In this ruling we concur. It is made an essential condition of the contract that the property should not be exposed to the perils of an unoccupied tenement without the fact being communicated to the insurer and the consent of the company obtained and endorsed by an entry on the policy. This is a just and reasonable precaution against an increased risk without an increased premium, and a substantial and important ele-

ment of the contract. The danger to unoccupied buildings is certainly greater in the absence of any one to protect them, or to extinguish the fire at the beginning or to detect and punish the incendiary ; and this is quite manifest from the facts of the present case. It may be that the attempt would not have been made if a vigilant and careful. person had been present, interested in the preservation of his own property as well, or if made, would not have been successful. And if this was not so, it is an essential condition of the insurance that if the premises become vacant, the consent of the company must be obtained in the manner specified, or the policy become void. By this condition the plaintiffs must abide, and the consequences of their neglect must rest upon themselves. The proposition seems to be too plain for discussion.

"If in the description," says Mr. May, "the recital is that the property insured is only to be used or occupied in a certain way, or not to be used or occupied at all, this is an agreement and must be complied with ; and so it is if the policy provides that unoccupied buildings must be insured as such, and in case the *building becomes vacant,* the assured shall give notice or forfeit his right to recover." May on Insurance, § 248.

We do not put so vigorous a construction upon this provision of the contract as to require that immediate information of the vacancy be conveyed to the insuring company, but if it is to be held liable after this change in the condition of the insured premises, such notice should be given in a reasonable time thereafter, and the assent of the company to the continuance of the policy obtained and manifested in the mode specified. This was not done for more than six weeks preceding the fire, although the defendant's principal place of business was but a few miles distant, and the delay is inexcusable. Nor do we mean to say that such temporary interruption in a continuous possession as is incidental

to a change of tenants would without such notice and consent vitiate the policy and discharge the insurer from its obligations. But this is not a case of the kind. The vacancy has lasted as we have said for more than six weeks and might have been protracted for months, so far as we can see, but for the destruction of the buildings.

We have considered the case as presenting the question of the effect upon the plaintiffs' rights of their failure to give the required notice, which as we understand the case was intended to be presented on the appeal for our determination; and we have not considered the technical criticisms upon it, made in the argument of the plaintiffs' counsel. We therefore declare there is no error, and the judgment must be affirmed.

No error.                                              Affirmed.