JOHN HILLS AND WILLIAM HILLS, RESPONDENTS, v. THE RHENISH WESTFALIAN LLOYD TRANSPORT INSURANCE COMPANY, APPELLANT.

*Construction of a policy of marine insurance.*

This action was brought upon a policy of insurance issued by the defendant to recover for the loss of fifty casks of prunes, forty-seven of which were destroyed by the sinking of a lighter which was conveying them from Hamburg to a steamer which was to convey them to New York. The policy, most of the provisions of which were printed, had written thereon among other provisions, one by which the defendant insured the plaintiffs on account of "whom it may concern to cover all shipments made under letters of credit issued to them by Brown Bros. & Co.." * * * at and from "ports and places * * * in Europe, generally, to New York and to Atlantic ports in the United States, direct or by port or ports with privilege of transhipment per steamer, sailing vessels and other conveyances, including *all risks of lighterage*, one-half (½) interest in dried fruits or other merchandise. Each kind of goods separately. *Dried fruits and other merchandise by steamer to be insured free from particular average unless the vessel be stranded, sunk, burned or in collision.*"

The defendant claimed that the words "including all risks of lighterage," when taken in connection with the other italicized words, made the insurance from Hamburg to New York, including the lighterage risk, warranted free from particular average unless the vessel was stranded, etc.

*Held,* that this claim was untenable; that a due consideration of these provisions showed that the words " all risks of lighterage " meant any loss, partial or total, by lighterage, while the loss by steamer was limited and to be free from particular average.

APPEAL from an interlocutory judgment overruling the defendant's demurrer to the complaint.

The only objection to the complaint specified in the demurrer is that it does not state facts sufficient to constitute a cause of action. The complaint stated, in substance, that at the times therein mentioned the plaintiffs were partners in business in the city of New York under the firm name of Hills Brothers, and that the defendant was a foreign corporation doing business in the same city under the name given above, and also under the name of the Rhenish Westfalian Lloyd Marine and Inland Navigation Company; that the defendant, in consideration of the plaintiffs' promise to pay premiums, did by a certain policy of insurance, a copy of which is annexed to the complaint, promise to pay the plaintiffs one-half of all loss and damage accruing to them by reason of the injury or destruction of any goods shipped by means of letters of credit issued to them by Brown Brothers & Co. at and from all ports and places in Europe to New York; that the plaintiffs were the owners of the goods mentioned in the complaint and had an insurable interest therein; that by the express terms and intent of the policy the defendant not only promised to pay one-half of such damage when caused by the perils of the sea, but the policy also included all risks, dangers, damage or loss happening to the goods from loading or transporting in any lighter, or from the damage or destruction of any lighter engaged in the necessary transporting of the said goods; that the policy was executed within this State; that on October 6, 1881, by means of such letters of credit the plaintiffs caused to be shipped from Budapesth fifty casks of prunes to be transported by rail to Hamburg, and there transferred to the steamship "Wieland" which was plying between Hamburg and New York, the port or destination of said goods; that the invoice price of the said goods was £808 7*s.* 7*d.*, and that their value by the terms of the policy was $4,040; that on October 17, 1881, forty-seven of the said fifty casks, after their safe arrival at Hamburg, were laden in good order and condition on board a lighter, which was then in a sound and seaworthy condition, for the pur-

pose of being transported to the said steamship, but in consequence of the lateness of the hour the lighter was unable to transport them to the steamship and was intrusted to a guardship and watcher and all due care and precaution were exerted for her safety that night; that about midnight, despite the efforts and exertions of the watchers, the lighter did, as a result of the lighterage risks and dangers insured against in the said policy, then and there sink and fill, with all the said goods of the plaintiffs on board; that the three other casks were received in New York, but by the submersion in the ocean there was an entire loss of the forty-seven casks, and of more than fifty per cent of the value of the original shipment, and that the plaintiffs, after giving due notice to the defendant of the loss of the goods and their interest therein, abandoned to the defendant all their right, title and interest in and to the whole shipment of fifty casks; that the plaintiffs thereafter paid the defendant twenty-four dollars and twenty-four cents as premium of insurance on such shipment, and that the plaintiffs have duly performed all the other conditions of the said policy on their part, and demanded on the twenty-fifty day of October, 1881, payment of one-half the value of said goods, viz., $2,020, of the defendant in accordance with the terms of the said policy, and that the defendant then refused, and has ever since, although repeatedly besought, refused to pay that sum or any part thereof. The complaint demands judgment against the defendant for $2,020, with interest from October 25, 1881, and costs.

The material provisions of the policy are as follows, the written parts being in italics and the printed in roman type:

"By the Rhenish Westfalian Lloyd Marine and Inland Navigation Insurance Company, * * * *Hills Bros., on account of*

"*Whom it may concern, to cover all shipments made under letters of credit issued to them by Brown Bros. & Co.*

"In case of loss to be paid in to *them.*

"Do make insurance, and cause to be insured, lost or not lost, at and from *ports and places* * * * in *Europe generally, to New York and to Atlantic ports in the United States, direct or by port or ports, with privilege of transhipment per steamers, sailing vessels and other conveyances, including all risks of lighterage, one-half (½) interest in dried fruits and other merchandise. Each kind*

*of goods separately. Dried fruits and other merchandise by steamer, to be insured free from particular average, unless the vessel be stranded, sunk, burned or in collision. Shipments of dried fruits by sailing vessels to be subject to ten per-cent particular average on each invoice unless otherwise agreed upon at time of indorsement.* \* \* \* The remainder of the policy is in the usual marine policy form.

*E. S. Hubble*, for the appellant.

*Henry J. Scudder*, for the respondents.

BRADY, J.:

The policy on which this action was brought is an open one, and the question presented arises upon the written clauses. The defendant contended that the words "including all risks of lighterage" taken in connection with the clause that "dried fruits and other merchandise by steamer to be insured free from particular average unless the vessel be stranded, sunk, burned or in collision," make the insurance secured one on fifty casks of prunes per steamship *Wieland* from Hamburg to New York, including lighterage risk, warranted free from particular average unless the vessel be stranded, etc., and insists that if the insurance per steamer is against total loss only, the goods while on the lighters are only insured to the same extent.

This amalgamation of the two clauses does violence to the distinction between the risks assumed as expressed in the policy by its terms and as clearly intended. The underwriters undoubtedly knew what risks they proposed to take, particularly as the obligations were written in the policy and had an especial emphasis therefore. It will have been perceived that the policy makes the insurance from places in Europe to Atlantic ports in the United States direct or by port or ports, with privilege of transhipment for steamers, sailing vessels and other conveyances "including all risks of lighterage." There is no suggestion of partial or total loss or general or particular average as to lighters. Indeed the language relating to them is as broad and comprehensive as it can be "all risks of lighterage." The provision subsequently made for dried fruits does not relate to lighters in terms, but to such fruits and other merchandise by steamer, to be insured free from particular

average. The result of a due consideration of the provisions relative to each other therefore is that the words "all risks of lighterage" mean any loss partial or total, by lighterage, while the loss by steamer is limited and to be free from particular average.

This view gives to the language employed its ordinary meaning and carries out the familiar principle that in construing policies of insurance the words used must be taken in their ordinary sense as commonly used and understood, and if the sense in which they were used is uncertain, as they are found in a contract prepared and executed by the insurer they should be construed most favorably to the insured. (*Herman* v. *Merchants Ins. Co.*, 81 N. Y., 184, 188.) This construction suggested is not however without authority to sustain it. In *Goix* v. *Knox* (1 Johns. Cas., 337) the words "against all risks" were held to cover all losses except those occasioned by the fraud of the insured. And that case was followed by *Skidmore* v. *Desdoity* (2 id., 77) again expressing the effect of such words.

In *Anthony* v. *Ætna Insurance Company* (1 Abb. [U. S.] Rep , 343) it was said that the words "usual risk of lighterage at Ontonagon," which was in addition to the ordinary lake risks and perils were sufficient to authorize a recovery although it was not considered necessary for the plaintiff's success to invoke their power. It is true that the case of *Goix* v. *Knox* was reversed (see *Goix* v. *Low*, 2 Johns. Cas., 480), but for a reason which did not in any way affect the proposition enunciated predicate of the effect of the words "against all risks." (See, also, *Lane* v. *Nixon* L. R., 1 C. P., 412.) The cases of *Morean* v. *United States Insurance Company* (1 Wheat., 219) and *Wadsworth* v. *Pacific Insurance Company* (4 Wend., 33) cited by the defendants' counsel, are not in any respect in conflict with the rule declared. Both of them relate to memorandum articles as to which the insurer agreed to pay for a total loss only, and which here is subordinate to the written part in regard to lighterage risks. And *Chadsey* v. *Guion* (97 N. Y., 333) was disposed of on the ground that the insurance secured was upon a proper construction of the policy on the whole shipment, and therefore a part of it having been delivered, the remainder was not covered by its terms. The defendants' contention cannot, for these reasons be adopted.

The allegations in the complaint as to the loss of goods and notice

of such loss and as to the demand, are regarded as sufficient for the purpose for which they were inserted.  (Code, § 533.)  It may be. as suggested, that the demand made upon the defendants within the thirty days allowed them by the policy for payment was premature, but it is cured by the allegations of repeated requests subsequently made in accordance with the terms of the policy, and the fact that this action was not commenced until more than a year had expired from the time the loss occurred.   Whether the plaintiffs can recover for a total loss must depend upon the facts established upon the trial.   The allegation in the complaint relative to that subject is sufficient to put the defendants to their answer.   Indeed, it must be said that the only question of serious import here, if any exist, springs out of the phrase " including all risks of lighterage."   The others depend upon proof to be made.

The judgment should be affirmed, with costs, with liberty to the defendants, however, to appear and answer on payment of costs.

Daniels, J., concurred ; Davis, P. J., concurred in the result.

Judgment affirmed, with costs, with liberty to the defendants to answer on payment of costs.