# Royal Insurance Co. *v.* Lubelsky.

*Action on Policy of Insurance against Fire.*

1. *Stipulation as to occupancy of insured house.*—A policy of insurance being effected on a house a few days before its completion, describing it as "a two-story frame dwelling-house, when completed to be occupied as a private dwelling-house," these words show a mutual expectation by the contracting parties that the house was to be so occupied, "but are scarcely explicit enough to constitute a promissory or executory warranty;" but a tenant having been procured, who occupied it for several months, after which it stood vacant and unoccupied for fourteen days, without the knowledge or consent of the insurer, and was then destroyed by fire, the loss is within a stipulation declaring that the policy shall be void, "if the building becomes vacant or unoccupied without the written permission of the company indorsed thereon," and the insurer is discharged

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by D. Lubelsky, against the Royal Insurance Company of Liverpool, a foreign corporation; and was founded on a policy of insurance against fire, which the plaintiff had effected with the defendant on a house in Birmingham. There was a judgment on verdict for the plaintiff, under the rulings of the court below, for $2,046.66. The opinion states the material facts.

WEBB & TILLMAN, for appellant.—As matter of law, we contend, (1) that the words used in the policy—"when completed, to be occupied as a private dwelling-house"—operate as a continuing promissory warranty; (2) that even if the warranty was not continuing, but was satisfied, when the house was once occupied, yet the house was not insured as vacant property, but it was contemplated by the parties that it should be and continue occupied; and (3) that the vacancy for more than ten days, without the knowledge or consent of the defendant, avoided the policy.—Wood on Fire Insurance, vol. 1, pp. 208–11, 215,

[Royal Insurance Co. v. Lubelsky.]

223–25; *Fitzgerald v. Com. Fire Ins. Co.*, 25 N. W. Rep. 462; *Dennison v. Phœnix Ins. Co.*, 3 N. W. Rep. 500, or 52 Iowa, 457; *Ashwalter v. Builders' M. F. Ins. Co.*, 112 Mass. 422; *Felrosa v. Council Bluffs Ins. Co.*, 39 N. W. Rep. (Iowa) 87; *Poor v. Humboldt Ins. Co.*, 125 Mass. 274; *Keith v. M. F. Ins. Co.*, 10 Allen, Mass. 228; *Watertown Ins. Co. v. Cherry*, 3 S. E. Rep. 876; *Harrison v. City Ins. Co.*, 9 Allen, 231; *Kelly v. Worcester Ins. Co.*, 97 Mass. 284; *Amer. Ins. Co. v. Foster*, 92 Ill. 334; *Amer. Ins. Co. v. Padfield*, 78 Ill. 167; *Hartford Fire Ins. Co. v. Webster*, 69 Ill. 392; *N. A. Ins. Co. v. Garland*, 108 Ill. 220; 19 Bradw. Ill. 70; *Aetna Ins. Co. v. Meyers*, 63 Ind. 238; *Pottsville M. F. Ins. Co. v. Fromm*, 100 Penn. St. 347; *McClure v. Watertown F. Ins. Co.*, 90 Penn. St. 277; *Reid v. Lancaster F. Ins. Co.*, 90 N. Y. 382; *Alexander v. Germania F. Ins. Co.*, 66 N. Y. 464; *Henman v. Adriatic F. Ins. Co.*, 85 N. Y. 162; 62 Miss. 740; *Sonneborn v. Man. Ins. Co.*, 44 N. J. Law, 220; *Cook v. Cont. Ins. Co.*, 70 Mo. 610; *Sleeper v. N. H. Fire Ins. Co.*, 56 N. H. 401; *Bennett v. Ayr. Ins. Co.*, 50 Conn. 420; 51 Conn. 504; *Ins. Co. v. Wells*, 42 Ohio St. 519; *Ridge v. Scottish Ins. Co.*, 9 Lea, Tenn. 507; 15 Wisc. 138; 65 Wisc. 297.

HEWITT, WALKER & PORTER, and D. F. MYERS, *contra.* When the policy was issued, the house was incomplete and unoccupied, and that fact was known to the defendant. If it had remained unoccupied, as might have happened, it would not have "become vacant" within the meaning of the forfeiture clause of the policy. But that clause is a part of the printed form, and must yield to the written words inserted in the policy. The condition could not apply to the property at the date of the policy, and it must be held to have been waived. The written words are only descriptive of the property, or, at most, show that the parties contemplated occupancy by tenants, which implies occasional vacancy; and the vacancy had not continued an unreasonable time when the loss occurred.—*Ala. Gold Life Ins. Co. v. Garner*, 77 Ala. 210; *Herrick v. Union Mutual Ins. Co.*, 48 Me. 558; *Joyce v. Maine Ins. Co.*, 45 Me. 168; *Howe v. City Ins. Co.*, 29 Conn. 10; 1 Sumner, 434; 12 Cush. Mass. 167; 71 Amer. Dec. 536; 76 Amer. Dec. 581; 77 Amer. Dec. 244; 79 Amer. Dec. 539; 53 Wisc. 136; 32 Wisc. 471; 52 Ill. 53; 36 Mich. 289; 12 N. E. Rep. 309; 14 Hun, N. Y. 456; 28 Gratt. 88;

[Royal Insurance Co. v. Lubelsky.]

43 Amer. Rep. 138; 83 N. Y. 133; 50 Iowa, 56; 92 N. Y. 51; 60 N. Y. 19; 8 R. I. 32.

SOMERVILLE, J.—The action is one on a fire-insurance policy for the value of a dwelling-house destroyed by fire on April 14th, 1888, the policy having been issued July 1st, 1887. The building is described as a "two-story framed shingle-roof dwelling-house, *when completed to be occupied as a private dwelling-house,*" situated on certain named streets in the city of Birmingham.

The policy contains, as usual with such agreements, a number of conditions, on the happening of which it is stipulated that the insurer shall not be liable for any loss or damage occasioned by fire. One of these is, if the building "*becomes vacant or unoccupied* . . . without the written permission of the company indorsed on the policy." It is provided that, in every (such) case, without such written permission, this policy shall be void, and *all insurance* hereunder shall *immediately cease and determine.*"

At the time the negotiation for the policy was progressing, the building was in process of completion. According to the defendant's version of the testimony, it was not completed when the insurance agents visited the premises for inspection, nor did they know of its completion when the policy was issued on July 1, 1887. According to the statement of the plaintiff, it was completed when one of the defendant's agents last visited the premises, and when the policy was issued. One of the plaintiff's witnesses says that, at the time of the agent's visit, the fence around the house was unfinished, and the blinds were down to be painted. This fence was completed on June 29th, and the tools of the workmen were not removed from the house, where they were kept, until July 3d, 1887. It was contemplated that the house would be rented to some tenant after completion, and this was so represented by the plaintiff to the insurance agents.

The house was vacant and unoccupied when insured, and known to be so to the defendant's agents. It remained so until September 5th, 1887, or over two months, when it was rented to a tenant. This tenant quit the premises on April 1st, 1888, on account of an attachment being levied on his furniture at the instance of the plaintiff, for unpaid rent. The premises were destroyed by fire on April 14th, 1888, after fourteen days of vacancy or non-occupancy.

The question is, whether, under this state of facts, the policy became forfeited, so as to determine the insurance; it being admitted that the insured had no permission for the premises to remain vacant or unoccupied from April 1st to the 14th, and the evidence showing that the company had no knowledge of the fact of such vacancy during this time.

In construing this contract, all its conditions and terms will be construed liberally in favor of the assured, and strictly against the insurer. Clear and unequivocal language must be required in order to create a warranty, and all statements of a doubtful meaning must be construed to be representations rather than warranties. The rules governing this subject are discussed at length in *Ala. Gold Life Ins. Co. v. Johnston*, 80 Ala. 467; s. c., 59 Amer. Rep. 816, and 60 Amer. Rep. 112, and need no further discussion.

But, while these rules of construction are followed, it is our duty "to interpret the contract of the parties as they have made it, and to enforce it according to obvious intention legally expressed, so long, at least, as it offends no law, or violates no principle of public policy."—*Ala. Gold Life Ins. Co. v. Thomas*, 74 Ala. 578, 583.

It is contended that, as the house was vacant and unoccupied, within the knowledge of the agents of the company, at the time the policy was issued, this fact operated as a waiver of the condition, that "the company will not be liable for loss or damage if the building becomes vacant or unoccupied." In support of this construction it is necessarily contended, that the house was insured as vacant, without contemplating its occupancy during the year for which it was insured, the phrase in the policy—"when completed to be occupied as a private dwelling-house"—being asserted to be merely descriptive.

If the house in question had been insured, within the knowledge of the defendant's agents, as vacant property, unoccupied at the time of issuing the policy, and if the facts justified the inference that there was no implied agreement that it was to be occupied as a dwelling during any period of the insurance, and during this time it had been destroyed by fire while vacant; this would, under the authorities, operate as a waiver of the condition in question, and the company would be liable for the loss. This would be on the principle, that a condition precedent of this nature could be waived by parol agreement; the company being estopped to afterwards assert any benefit under it, on the ground that it

would be in fraud of their contract, and violative as such of all fair and honest dealings.—*Amer. Cent. Ins. Co. v. Mc-Crea*, 8 Lea, 513; s. c., 42 Amer. Rep. 647; *Short v. Home Ins. Co.*, 90 N. Y. 16; s. c., 43 Amer. Rep. 138.

The circumstances surrounding the contracting parties must be taken into consideration in construing this, as all other contracts. When the negotiation for insurance was commenced, as we have said, the house was in process of erection. An agent was authorized to rent it when complete, and the defendant's agents were informed of such purpose. The fence around the premises was completed only two days at most before the date of the policy. In the light of these facts, we must construe the phrase "when completed, *to be occupied* as a private dwelling-house." The adjudged cases are quite in conflict as to the force to be given phrases analogous to this, when inserted in insurance policies. In *Joyce v. Maine Ins. Co.*, 45 Me. 168; s. c., 71 Am. Dec. 536, it was held, that where a house was represented in a policy as "*occupied* by" the insured, this was a description merely, and did not amount to an agreement that the insured should *continue* in occupation of it. In *Cumberland Valley Co. v. Douglas*, 58 Penn. St. 419; s. c., 98 Amer. Dec. 298, it was held, that the insurance of a building as a "dwelling-house," or as an "occupied dwelling-house," does not imply an engagement or warranty that it shall *continue occupied* while the risk endures. It was regarded by the court as a "matter of description of the subject, rather than stipulation respecting its use." There are other rulings to the same effect.—*Somerset Co. Mut. Fire Ins. Co. v. Usaw*, 112 Penn. St. 80; s. c., 56 Amer. Rep. 307; *Catlin v. Springfield Ins. Co.*, 1 Sum. 345. In the case last cited, the phrase under consideration was, "at present occupied as a dwelling-house, but to be *hereafter occupied* as a tavern." This was held by Judge Story not to be a warranty of continued occupation of the house as a tavern, but, at furthest, a mere representation of an intention to occupy it as such. In *Herrick v. Union Fire Ins. Co.*, 48 Me. 558; s. c., 77 Amer. Dec. 244, the Supreme Judicial Court of Maine made a distinction between the representation of an expectation and of an existing fact, the latter being in the nature of a warranty, and the former not. The application for insurance there, in describing the property, used the phrase "*will be occupied* by a tenant." This was said not to be a warranty that the house should be occupied by a tenant during the whole period of

[Royal Insurance Co. v. Lubelsky.]

the risk.    There does not appear to have been any clause in the policy making it void, as in this case, in the event of becoming vacant or unoccupied.

In *Hough v. City Fire Ins. Co.*, 29 Conn. 10; s. c., 76 Am. Dec. 581, the Connecticut Supreme Court of Errors, in a case where the house was described as *"vacant* but *to be occupied,"* held this phrase to imply the reservation of the right to put a tenant in the vacant building, not the incurring of an obligation, or warranty to do so.    If a warranty, it was said that it would be a question for the jury to determine, whether it had remained vacant an unreasonable time.

In *Alexander v. Germania Fire Ins. Co.*, 66 N. Y. 464; s. c., 23 Amer. Rep. 76, a policy of fire insurance described the plaintiff's property as "his two-story extension frame building, *occupied* as a dwelling."    The New York Court of Appeals held that this statement as to occupancy was not necessary to the identification of the building, and, inasmuch as it related to *the risk*, it was a warranty, which would make the contract void, if the house was not at the time occupied as a dwelling.    It was construed to affect the risk, in view of the provision in the policy that if the premises should become vacant and unoccupied, the policy would become void.

Construing the present policy in the light of surrounding facts, and construing all its parts together, especially the parts quoted and italicized in the beginning of this opinion, we see but one way in which they can be harmonized.    The phrase, "when completed, to be occupied as a private dwelling-house," must be taken to represent the mutual expectation of the contracting parties that the house was to be so occupied, either by the owner, or some one else by his authority, as tenant or otherwise.    It is scarcely explicit enough to constitute a promissory or executory warranty.—*Stout v. City Ins. Co.*, 12 Iowa, 371; s. c., 79 Amer. Dec. 539.    No question can arise as to how long the insured had within which to procure a tenant, because he did procure one within about two months, and no loss occurred during that time. After the fulfillment of this expectation as a realized fact by the procuring of a tenant, the other provision of the policy at once came into force.    The house was no longer vacant, but occupied as it was intended to be.    If it should afterwards "become vacant or unoccupied," the risk or loss by fire would fall on the insured, not on the company, unless the permission or consent of the company should be procured

by indorsement in writing on the policy. Such, in our judgment, was the intention of the parties in entering into this contract, and its plain common-sense interpretation.

The evidence shows that the house was vacated by the tenant, and remained unoccupied, or without any furniture or any human being living in it, for fourteen days, and it was destroyed by fire during this time. It is admitted to have become both vacant and unoccupied. Under all the authorities, the policy became *ipso facto* forfeited, and the liability of the insurer terminated, as the fact of non-occupation was known to the insured, and no permission was procured from the company waiving the observance of this condition. And this is so without regard to the period of time this state of vacancy or non-occupancy continued, because it is the express stipulation of the parties, and such stipulation is the law of the contract, binding alike on the parties and the court.—*Dennison v. Phœnix Ins. Co.*, 52 Iowa, 457; *Aetna Ins. Co. v. Meyer*, 63 Ind. 238; *Cook v. Continental Ins. Co.*, 70 Mo. 610; s. c., 35 Amer. Rep. 438; *American Ins. Co. v. Padfield*, 78 Ill. 167; *Gammell v. Merchants' Ins. Co.*, 12 Cush. 167; *Joyce v. Merchants' Ins. Co.*, 6 La. Ann. 761; *Alston v. Ins. Co.*, 80 N. C. 326; *N. A. Fire Ins. Co. v. Zænger*, 63 Ill. 464; *Ala. Gold Life Ins. Co. v. Thomas*, 74 Ala. 578; *Herman v. Adriatic Fire Ins. Co.*, 85 N. Y. 162; s. c., 39 Amer. Rep. 644.

The court should, on the controverted facts of this case, have given the first charge requested by the defendant, instructing the jury to find for the defendant if they believed the evidence.

The other rulings become unimportant, and we shall not consider them.

Reversed and remanded.