matter of law; but, under the circumstances of this case, he was entitled to receive a reasonable sum for such loss of wages, because it appears that he was a peddler, and from such employment supported his family. The jury, relying on their common knowledge and experience, had the right to fix the damages sustained for such loss of wages, even though no actual sum was fixed by the plaintiff; and their finding should stand, unless it is apparent that they allowed an unreasonable amount of money, which cannot be claimed, in view of the fact that the verdict for all the damages sustained by the plaintiff is only the sum of $275.

The judgment must be sustained, with costs.     All concur.

---

(15 Misc. Rep. 642.)

## STAPLETON et al. v. GREENWICH INS. CO.

(City Court of New York, General Term.     February 8, 1896.)

COMPLAINT ON FIRE POLICY—DISMISSAL.
     In an action on fire policy on a building, where a provision avoiding the policy if the building be or become "vacant or unoccupied," and remain so for 10 days, is set up as a defense, and there is evidence that the building had been unoccupied for three months, with nothing in it during that time but a blanket, and no evidence to relieve plaintiff from the effect of the condition, the complaint should be dismissed.

Appeal from trial term.

Action by Mary A. Stapleton and others against the Greenwich Insurance Company of the City of New York on a fire policy. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before McCARTHY, VAN WYCK, and SCHUCHMAN, JJ.

Butler, Stillman & Hubbard, for appellant.
Niles & Johnson, for respondents.

McCARTHY, J.     This is an action upon a fire policy, and the defense is a breach of certain warranties contained in the same. The insurance was upon a dwelling, and the fire which caused the loss took place about three months after the last tenant permanently moved out. It is conceded that there was no furniture or other material except a blanket in the premises insured during all that time. Among the provisions contained in the policy was this one:

"That if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so to remain for ten days, the policy shall be void, unless provided otherwise by agreement indorsed hereon or added to."

We think the trial justice should have dismissed the complaint at the close of plaintiffs' case, and also at the close of the entire case. The testimony of Mary A. Stapleton and James D. Du Bois was insufficient, and did not relieve the plaintiffs from the effect of the condition of the policy of insurance.

Earl, J., in Herrman v. Insurance Co., 81 N. Y. 184, at page 188, says:

"A dwelling house is unoccupied when no one lives therein, but is not then necessarily vacant. * * * To avoid the policy, the premises must not only be unoccupied, but also vacant. Force should be given to both words. This is not a casual contract drawn in haste, in which language has been carelessly used; but it is a form of contract used by the defendant in its business, probably adopted with great deliberation, every word of which, as we may suppose, has been carefully weighed."

These premises were both unoccupied and vacant. Herrman v. Insurance Co., 85 N. Y. 162, 168, 169.

Plaintiffs made a breach of a binding condition, and must abide the unfortunate consequences. This being material error, judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.