BROADWAY REALTY COMPANY, Appellant, *v.* LAWYERS TITLE INSURANCE AND TRUST COMPANY, Respondent, Impleaded with Another.

Insurance (title) — construction of policy insuring title of premises — description of insured land by metes and bounds — when encroachment by building thereon, exceeding boundaries of the land, covered by policy — what defects are not created by the act or privity of the insured.

1. This appeal presents the question of the construction of a policy of insurance of the marketability of title of certain premises. Under the heading " the description of the property, the title to which is insured," comes a description by metes and bounds. Then follow these words: " and also the building now being erected on said premises known as the Bowling Green Offices. The lands the title to which is hereby intended to be insured, being that on which said building now stands as shown by the survey * * *, a duplicate of which survey is hereto annexed." The survey shows the building as entirely within the lot lines and shows no part of the premises as encroaching upon Broadway. When the policy was issued, the building encroached beyond the line of the land described by metes and bounds into Broadway. *Held,* that the Appellate Division erred in holding that the policy covered only so much of the building as stood upon the land specifically described and not the land on which the actual building stood. (*Griffiths* v. *Morrison,* 106 N. Y. 165, distinguished.)

2. That the encroachment was a defect, objection, lien or incumbrance " created by the act or with the privity of assured " and thus excepted from the terms of the policy does not appear. The exception protects the insurance company from things hidden or done clandestinely, but not from the very acts insured against.

*Broadway Realty Co.* v. *Lawyers' Title Ins. & Trust Co.,* 171 App. Div. 792, reversed.

(Argued April 21, 1919; decided May 20, 1919.)

APPEAL from a judgment entered May 6, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur H. Masten* for appellant. The correct location of the line of Broadway was an essential of the title to the premises insured and was covered by the policy as much as any other features of the title. (*Empire Development Co.* v. *Title G. & T. Co.,* 225 N. Y. 53.)

*P. S. Dean* for respondent. The policy insured no portion of the building erected in Broadway. (*Interborough R. T. Co.* v. *Littlefield,* 166 App. Div. 567; *Griffiths* v. *Morrison,* 106 N. Y. 165.)

POUND, J. This appeal presents the question of the construction of a policy of insurance of the marketability of title of certain premises issued to the appellant by the respondent, which is dated December 16, 1896, but which seems to have been delivered at a later date as it refers to a survey of February 27, 1897, a duplicate of which is annexed to the policy. The question is whether the premises the title of which is insured are the lands described in the policy by metes and bounds only, or, in addition, all the lands on which a building then being erected, known as Bowling Green Offices, actually stood.

Under the heading " the description of the property, the title to which is insured," comes a description of the property by metes and bounds. Then follows these words: " and also the building now being erected on said premises known as the Bowling Green Offices. The lands the title to which is hereby intended to be insured, being that on which said building now stands as shown by the survey of Francis W. Ford, dated February 27, 1897, a duplicate of which survey is hereto annexed." The survey shows Bowling Green Building as entirely within the lot lines and shows no part of the premises as encroaching upon Broadway. Exceptions are sometimes explicitly made in such policies of any state of facts which an accurate survey would show and of objection to title of such part of premises as lies within the limits of Broadway, but it seems somewhat significant that such objections

are not excepted from the title insured in the policy under consideration.

When the policy was issued, the building therein described encroached beyond the line of the land described by metes and bounds into Broadway. Subsequently the plaintiff was required to remove the encroachment at a cost of about $16,000. For this sum action was brought and judgment was directed by the trial court. The Appellate Division held that the policy covered only so much of the building as stood upon the land specifically described; that the survey was a part of the contract and that the policy covered only the hypothetical building shown on the survey and not the land on which the actual building stood, and dismissed the complaint. This disposition of the case we think was more favorable to defendant than the ordinary and proper rules for the construction of contracts permit.

The contract was drawn by defendant. In construing its terms, if any are doubtful or uncertain, defendant must bear the burden. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187, 196.) Is its meaning so doubtful that plaintiff has the advantage of a reasonably beneficial interpretation of its language? Ought defendant in reason to have understood that plaintiff would give the policy the meaning which it now seeks to sustain? It does not appear from what source the survey came and we must not assume that plaintiff should not believe that it was accurate, not only as to the lands but as to the location of the building. It covers the land upon which a known and designated building stands and it places such building wholly inside the street line. The policy says, even though in somewhat equivocal language, than an accurate survey of the plaintiff's building is attached to and made part of the policy and shows no part of the building in the street. We cannot say that plaintiff did not and might not so read it. If it may thus be read, it must

22

thus be read. It is no preposterous supposition that plaintiff's primary desire was to protect itself by insurance against such encroachments and that the company made or adopted the survey to that end. We cannot take notice that he who runs could read the line of Broadway on the ground and that a surveyor could make no mistake about it. Nor can we assume that the words "said building" should be read as if the parties intended them to mean "part of said building."

*Griffiths* v. *Morrison* (106 N. Y. 165) was an action of ejectment. It held that a conveyance by metes and bounds with "the buildings thereon" conveyed only so much of a building as was on the lot described. If the deed had in terms covered the lot *and* the land on which the building stood, it would doubtless have been effective.

That the encroachment on Broadway was a defect, objection, lien or incumbrance "created by the act or with the privity of assured" and thus excepted from the terms of the policy does not appear. The exception protects the insurance company from things hidden or done clandestinely, but not from the very acts insured against.

The judgment appealed from should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO and CRANE, JJ., concur; COLLIN, CUDDEBACK and ANDREWS, JJ., dissent.

Judgment reversed, etc.