## PNEUMATIC SCALE CORPORATION, Limited, v. MAINWARING.

(Circuit Court of Appeals, Second Circuit. January 2, 1923.)

No. 113.

1. Jury ⬤⟳28(12)—Consent order for reference held sufficient waiver of jury.

An order reciting that the parties had waived a jury and referred the issues to an attorney as auditor to take proofs and report, to the entry of which the attorneys for both parties consented in writing, is equivalent to the written consent of the parties waiving a jury, required by Rev. St. 649 (Comp. St. § 1587).

2. Reference ⬤⟳102(5)—Referee's findings approved by court become findings of trial court.

Where, in an action at law, testimony is taken before a referee who is authorized merely to report to the court, the findings of the referee, if confirmed, become the findings of the court.

3. Appeal and error ⬤⟳850(2)—Question of fact cannot be reviewed on writ of error.

Findings in an action at law in which a jury was waived have the effect of a verdict, and the Circuit Court of Appeals on writ of error in such case cannot review disputed questions of fact.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Harry W. Mainwaring against the Pneumatic Scale Corporation, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

Roswell S. Nichols, of New York City, for plaintiff in error.

Austin, McLanahan & Merritt, of New York City (Walter Gordon Merritt, of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. The District Court made an order in which, after reciting that the parties had waived a jury, it was provided that the issues be referred to an attorney "as auditor to take proof thereof, with power to rule on the admissibility of evidence, subject to review by the court or on appeal and that said auditor report thereon to this court with all convenient speed, returning with his report the minutes of the hearings before him, and that the matter be then brought on for further hearing and such further order and judgment as to this court may seem just and proper."

[1] To the entry of the order supra the attorneys for both parties consented in writing, and we regard this written consent as compliance with R. S. 649; U. S. Comp. Stat. § 1587.

We construe this order as one for a reference by consent, and we regard the use of the word "auditor" instead of "referee" as a mat-

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ter of no consequence in view of the consent of the parties and the course the trial took.

The referee heard the testimony at great length and made a full report to the court. The court confirmed the report and ordered judgment for plaintiff below, defendant in error here. Judgment was entered accordingly. Subsequently plaintiff in error filed exceptions in extensive detail to the "decision opinion and order of the court * * * confirming the report of the auditor herein and directing judgment for the plaintiff. * * * "

We need not consider whether, as contended by defendant in error, these exceptions were filed too late because delayed until after judgment and not filed after the coming in of the referee's report and before the court's order confirming that report.

[2] Where, in an action at law, testimony is taken before a referee who is authorized merely to report to the court, the findings of the referee, if confirmed, become the findings of the court. Steger v. Orth, 258 Fed. 619, 170 C. C. A. 73.

[3] We have repeatedly pointed out that such findings have the effect of a jury verdict and that this court on writ of error cannot review disputed questions of fact. American Concrete Steel Co. v. Charles F. Hart, 285 Fed. 322 (C. C. A., Second Circuit) October 31, 1922.

An examination of the record fails to disclose any question of law, and, in so stating, we are to be understood as holding that there was some evidence in support of the various findings now complained of.

With the weight of the evidence this court has no concern, nor can it hold that there was no evidence, if from a given state of facts different inferences might fairly be drawn and thus reasonable men arrive at different conclusions of fact.

In brief, the case below was one wholly of dispute as to the facts and here does not present any question of law.

Judgment affirmed.