IRA S. BUSHEY & SONS, Respondent, *v.* AMERICAN INSURANCE COMPANY, Appellant.

Insurance — language of policy most strongly construed against insurer — builders' risk insurance covers materials delivered on the ground with intention to incorporate them into building — when evidence of intention and custom properly excluded — fact that language of policy follows language of application does not relieve insurer of burden of having obscure phrases construed against it — policy covering loss by fire to materials in shipyard not insurance against marine peril.

1. Where the language of a policy of insurance is fairly susceptible of two interpretations, one of which is that contended for by the insured, it should be most strongly construed against the insurer. A construction which makes the contract fair and reasonable will be preferred to one which leads to harsh or unreasonable results.

2. In construing the builder's risk covered by an insurance policy which covered the interest of the assured on vessels completed or uncompleted notice must be taken that before the timbers are united so as to begin the erection of the structure within the strict meaning of the words, they are brought to the site with the intention in due course of putting the component parts together and are shaped before they are erected in place. When this work has begun, in a fair sense the construction of the building has begun and the builder's risk has attached. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy,* 216 N. Y. 704, distinguished.)

3. Evidence of intention and custom offered by the defendant to show and explain the meaning of the policy as contended for by it was properly excluded in an action to recover thereon. The court should construe the policy according to the intention appearing by the words. One should not be left to learn whether he is insured or not, until the verdict of a jury is rendered on disputed parol evidence.

4. The fact that the language of the policy follows the language of the application of the insured does not alter the situation. When the insurer adopted the language of the application in covering the risk, it became the author of the ambiguity and the ultimate cause of doubt. It must bear the burden of having obscure phrases construed in favor of the insured.

5. So far as the policy covers loss by fire to materials in a shipyard, it is not an insurance against marine perils. It is, to that extent, an ordinary fire risk having no relation to navigation. (*London Assurance Corpn.* v. *Thompson,* 170 N. Y. 94, distinguished.)

*Bushey & Sons* v. *American Ins. Co.,* 206 App. Div. 715, affirmed.

(Argued October 18, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 31, 1923, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

*George S. Brengle* and *Arthur W. Clement* for appellant. The trial court erred in excluding the evidence offered by the defendant to show and explain the ambiguity in the policy of insurance involved in this action. (*Petrie* v. *Trustees of Hamilton College,* 158 N. Y. 458; *Middleworth* v. *Ordway,* 191 N. Y. 404; *Atkinson* v. *Truesdell,* 127 N. Y. 230; *Gumbinsky Bros. Co.* v. *Smalley,* 203 App. Div. 661.) On the plaintiff's own theory of the case it is entitled to recover nothing, since under the undisputed evidence the plaintiff had no vessels either " completed or under process of completion " at the time of the loss. (*James* v. *Van Horn,* 39 N. J. L. 353; *Mutual Benefit Life Ins. Co.* v. *Rowland,* 26 N. J. L. 382; *Brooks* v. *Lester,* 36 Md. 65; *D. & R. T. C. Co.* v. *Tagliabue,* 159 Fed. Rep. 712.)

*Pierre M. Brown* for respondent. Parol evidence cannot be admitted where the language of the instrument is clear. (Arnould on Marine Ins. [10th ed.] § 56; Joyce on Ins. [2d ed.] § 247; *Hearne* v. *New England Mutual, etc., Co.,* 87 U. S. 488; *Gray* v. *Germania Fire Ins. Co.,* 155 N. Y. 180; *McLean* v. *Woolworth Co.,* 204 App. Div. 118; *East 46th R. Corp.* v. *Gutschneider,* 186 App. Div. 503; *Elefante* v. *Pizitz,* 182 App. Div. 819; *Remer* v. *Brown,* 165 N. Y. 410.) An underwriter, who uses his own language in the policy, cannot when a loss occurs claim the construction more favorable to himself. (*Janneck* v. *Metropolitan Life Insurance Co.,* 162 N. Y. 574; *Kratzenstein* v. *Western Assur. Co.,* 116 N. Y. 54; *Michael* v. *P. N. Ins. Co.,* 171 N. Y. 25; *Herrman* v. *M. Ins. Co.,* 81 N. Y. 184; *Thompson* v. *Phœnix Ins. Co.,* 136 U. S. 287.)

POUND, J. The question is whether the insurance policy sued on covered the loss sustained. Plaintiff has a shipyard in Brooklyn where it repairs vessels and builds barges. It carried a small stock of lumber for use in its repair business which was covered by a policy of general stock insurance. Being about to begin the construction of several scows, it obtained a policy from the defendant and six other companies jointly insuring it " for account of whom it may concern " in the sum of $50,000 " To cover the legal liability of the assured, from any cause whatsoever, for loss and/or damage and/or expense, if any, to vessels and/or craft and/or their cargoes and/or their freight, arising from or in connection with the operation of their plant, situated in Brooklyn, New York Harbor, including ﹒dry docks and/or marine railways used and operated in connection therewith."

The policy also provides: " This insurance is also extended to cover, subject to the terms of the Builders' Risk Clauses,— as attached, the interest of the assured

in work on such vessels, completed or in process of completion." These provisions are contained in a rider attached to the formal policy.

The first paragraph of the builders' risk clauses provides: " This insurance is also to cover all risks, including fire while under construction and/or fitting out, including materials in buildings, workshops, yards and docks of the assured   *   *   *."

Plaintiff before obtaining the policy had contracted to build the scows. The contracts provided that it should furnish the necessary timber. As the work progressed, payments were to be made by the owners in installments. After the first payment was made, plaintiff was to to protect the owner under a specific policy on each vessel. Plaintiff had procured the stock required for each vessel and piled it separately in its yard where the work was to be done, but had gone no further than to shape up some material to be used in the construction of the scows when a fire destroyed a quantity of the lumber. The total amount destroyed was 674,914 feet of a total of 1,266,914 feet. Of this quantity about 19,000 feet was fabricated timber.

The courts below have held that within the meaning of the policy the work had been begun on each vessel and that the insurer was liable for the loss.

The language of the policy is not as clear and unequivocal as it might be, but it relates to loss to vessels " completed or in the process of completion " including materials assigned to vessels under construction. If it is fairly susceptible of two interpretations, one of which being that contended for by the insured, it should be most strongly construed against the insurer. (*Herrman* v. *Merchants Ins. Co.*, 81 N. Y. 184, 188, 190; *Janneck* v. *Met. Life Ins. Co.*, 162 N. Y. 574, 576, 577; *Michael* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25, 35; *Paskusz* v. *Phila. Cas. Co.*, 213 N. Y. 22, 26; *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287.)

The insurer contends that a vessel is not under construction or in the course of completion within the meaning of the policy until some of its parts are joined together in a definite manner and that the mere fabrication of some of the timbers is not construction but preparation for construction. But in construing the builders' risk covered by an insurance policy, we must take notice that before the timbers are united so as to begin the erection of the structure within the strict meaning of the words, they are brought to the site with the intention in due course of putting the component parts together and are shaped before they are erected in place. When this work is begun, in a fair sense the construction of the building has begun and the builders' risk has attached. A proper consideration of the purpose of builders' risk insurance should be had. The policy should be read, if it can be without twisting words and rendering plain meanings nugatory, so as to make the scheme of the policy reasonable and to protect the builder if a loss to materials on the ground occurs before any of the timbers have been built into the structure. "A construction which makes the contract fair and reasonable will be preferred to one which leads to harsh or unreasonable results." (CRANE, J., in *Aldrich* v. *N. Y. Life Ins. Co.,* 235 N. Y. 214, 224.)

It was held in *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy* (216 N. Y. 704, reversing on dissenting opinion of SCOTT, J., 167 App. Div. 637, 642) that the digging of an excavation within which to erect a structure is not an act in the construction of a building. That case, however, involved the exemption from taxation of " a building in the course of construction." Plainly it was the intent of the legislature to encourage building by exempting from taxation a building actually and literally in the course of construction, and this purpose would not be met by the mere excavation of a cellar.

We are not, however, construing a statute conferring a

privilege where the burden is upon the beneficiary to bring himself within the terms of the exemption. We are construing a policy of insurance and we are not bound by the niceties of definition that might otherwise be proper. When a builder takes out builders' risk insurance, delivers his materials on the ground, and does some manifest act evidencing his intention to incorporate them into a building, and when there is and can be no dispute about his intention, it would be a harsh rule to require that he should protect himself by a general open policy on stock in order to cover a loss sustained before he had actually joined one timber to another. It was reasonable for the insured to believe that it had covered the risk of loss by fire of its materials when it took out the policy in suit. The ordinary builder would agree with the plaintiff's witness that " the building of the boat starts just as soon as you start getting that material ready " and that such a construction of the policy expresses the fair and reasonable understanding of the risk.

Evidence of intention and custom offered by the defendant to show and explain the meaning of the policy as contended for by it was properly excluded. (*Rickerson* v. *Hartford Fire Ins. Co.*, 149 N. Y. 307.) The court should construe the policy according to the intention appearing by the words. One should not be left to learn whether he is insured or not, until the verdict of a jury is rendered on disputed parol evidence. (*Herrman* v. *Merchants Ins. Co., supra.*)

The fact that the language of the policy follows the language of the application of the insured, does not alter the situation. When the insurer adopted the language of the application in covering the risk, it became the author of the ambiguity and the ultimate cause of doubt. It must bear the burden of having obscure phrases construed in favor of the insured. *London Assurance Corpn.* v. *Thompson* (170 N. Y. 94) is not an authority to the contrary. It dealt with a contract of re-insurance. The

description of the risk was wholly prepared by an insurer of wide experience, in the business since 1720. A fair and reasonable construction of the policy as written controls in any event.

So far as the policy covers loss by fire to materials in the yard, it is not an insurance against marine perils. It is, to that extent, an ordinary fire risk having no relation to navigation. (*City of Detroit* v. *Grummond*, 121 Fed. Rep. 963, 971.)

The judgment appealed from should be affirmed, with costs.

HOGAN, CARDOZO, MCLAUGHLIN and CRANE, JJ., concur; HISCOCK, Ch. J., and ANDREWS, J., dissent.

Judgment affirmed.