IRA S. BUSHEY & SONS, INC., Respondent, v. HOME INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, May 20, 1926.

Insurance — builder's risk insurance — policy imposed liability for damage to vessel " through collapse of supports or ways from any cause whatever, and all risks of launching and breakage of the ways "— in launching barge, ways broke and damaged vessel — defendant liable for damage to ways — clause in policy covering " appurtenances, including patterns, moulds, etc.," deemed to include ways specifically built for particular barge.

Defendant, which insured plaintiff under a builder's risk insurance policy, which imposed liability on defendant for damages to a barge which was being constructed for plaintiff, " through collapse of supports or ways from any cause whatever, and all risks of launching and breakage of the ways," is liable to plaintiff for damage to the ways which broke in the launching of the barge, since the construction of the policy compels a determination that the breaking of the ways is within the terms of the policy.

Moreover, such an interpretation of the policy is supported by another clause which covers not only the vessel and its fittings, but its " appurtenances, including patterns, moulds, etc.," since the proof shows that the ways are not permanent, but separate devices erected in connection with the launching of each boat.

APPEAL by defendant from a judgment of the City Court of the City of New York entered in favor of the plaintiff upon a directed verdict of the jury.

*Macklin, Brown & Van Wyck* [*Pierre M. Brown* of counsel], for the appellant.

*Foley & Martin* [*William J. Martin* of counsel], for the respondent.

LEVY, J.   This is an appeal from a judgment entered upon a verdict directed for plaintiff upon an insurance policy known as a builder's risk policy, issued to it by defendant on " hull, tackle, apparel, ordnance, munitions, artillery, engines, boilers, machinery, appurtenances, etc. (including plans, patterns, moulds, etc.), boats and other furniture and fixtures and all materials belonging and destined for covered Barge No. 306."

In launching the barge the ways upon which it rested broke, causing damage to the vessel.  The defendant paid for the latter, but refused to pay for the damage to the ways on the ground that this was not covered by the policy.

The provision upon which the plaintiff relies as justifying its recovery is included in a schedule entitled " Clauses for Builders Risks," the 1st paragraph of which reads as follows:  " This Insurance is also to cover all risks, including fire, while under construction and/or fitting out, including materials in Buildings, Workshops, yards and docks of the assured, or on quays, pontoons, craft, etc., and any risk while in transit to and from the works and/or the vessel wherever she may be lying, also all risks of loss or damage through collapse of supports or ways from any cause whatever, and all risks of launching and breakage of the ways."

In order to construe the policy favorably to the insurer we are compelled to disregard the literal wording of the clause.  If the policy merely covered " *all risks of loss or damage* [to the vessel] *through collapse of supports or ways from any cause whatever* " (italics mine), then the succeeding phrase " all risks of launching and breakage of the ways " which immediately follows is absolutely superfluous, since the italicized phrase already includes damage to the vessel purported to be covered by the phrase following it.  The construction by which risks of breakage of the ways are brought within the terms of the policy, is sustained both by the wording of the agreement and by the strict rules applicable to the interpretation of insurance contracts.  As the Court of Appeals in *Bushey & Sons* v. *American Insurance Co.* (237 N. Y. 24, 27) has said: " The language of the policy is not as clear and unequivocal as it might be, but it relates to loss to vessels ' completed or in the process of completion ' including materials assigned to vessels under construction.  If it is fairly susceptible of two interpretations, one of which being that contended for by the insured, it should be most strongly construed against the insurer.  (Citing authorities.)"

Another reason for so holding is based upon the scope of the policy as covering not only the vessel and its fittings, but its " appurtenances, including patterns, moulds, etc." The evidence shows that the ways are not permanent ways, but that separate ones are erected in connection with each boat which is built. The fact that the materials used in these ways may be used again in the construction of ways for other vessels does not render them a part of the permanent plant, any more so than moulds and patterns, which are specifically covered, and which in part or in whole may be used in connection with other vessels. The term " appurtenances, including moulds, patterns, etc.," would seem to be broad enough to cover ways specifically built for the particular barge.

Judgment affirmed, with costs.

All concur; present, WAGNER, LYDON and LEVY, JJ.