ATLANTIC BASIN IRON WORKS, Plaintiff, *v.* THE AMERICAN INSUR-ANCE COMPANY and Others, Defendants.

Supreme Court, Kings County, January 4, 1927.

Insurance — liability insurance — action upon policy for amount of judgment plaintiff paid after fire on steamship it was repairing, damaged abutting lighter — policy insured against loss or damage to vessels or their cargoes in plaintiff's hands or on which it might be engaged in work — plaintiff's only interest is that created by reason of work done — policy never intended to insure against liability to stranger based on negligence of plaintiff.

A policy of liability insurance issued by the defendants to the plaintiff insuring against loss or damage to vessels or their cargoes in plaintiff's hands or on which plaintiff might be engaged in work in connection with the operation of its plant, does not insure against a liability to a stranger based upon plaintiff's negligence, but on the contrary is specifically limited to liability for loss or damage to vessels which may be in the hands of the plaintiff or upon which it may be engaged in work; consequently, plaintiff may not recover under said policy for the amount of a judgment it paid after a fire on a steamship, it was repairing, damaged a lighter which was moored alongside said steamship.

SUBMISSION upon an agreed statement of facts of an action involving the construction of a policy of liability insurance.

*H. A. & C. E. Heydt* [*Don R. Almy* of counsel], for the plaintiff.

*Macklin, Brown & Van Wyck* [*Paul Speer* of counsel], for the defendants.

HAGARTY, J.   This case was submitted upon an agreed statement of facts.   It was stipulated that, upon the determination of the question of law involved, a verdict be directed, in the absence of the jury.

The action involves the construction of a policy of liability insurance issued by the defendants to the plaintiff on the 19th day of July, 1921.   During the period that the policy was effective the plaintiffs were engaged in repairing a steamship at pier 13, Brooklyn.   A lighter, containing a cargo of jute, was brought alongside the steamship, and while in that position was damaged by fire.   By a judgment of the United States District Court the plaintiff was held liable for the damages resulting to the owner of the lighter and its cargo, on the ground that the fire was caused by its negligence.   Thereupon this action was brought upon the policy to recover the amount of the judgment that the plaintiff was compelled to pay, together with reasonable counsel fees.

Under the policy the plaintiff is insured for the sum of $150,000 " upon the good legal liability."   Notwithstanding the amount involved, the body of the policy is a makeshift, a " hull policy " form having been adopted for liability insurance.   There are two riders attached, both of which contain the label " attached to and forming part of poll."   One of these riders is typewritten and the other is a printed form.   A clause in the typewritten rider defines " the legal liability," against which the plaintiff is insured, as covering " any cause whatsoever for loss and/or damage and/or expense, if any, to vessels and/or craft and/or their cargoes and/or their freight, which may be in their hands for or on which they may be engaged or preparing to engage in work or operations, arising from or in connection with the operation of their plant."   Another typewritten clause provides that " this insurance is also extended to cover, subject to the terms of the Builders' Risks Clauses, the interest of the insured in work on *such vessels* completed, or in process of completion."   The printed rider is a form containing the terms of the builders' risks clauses which are employed when the subject-matter of the insurance *is a ship or vessel*, either constructed or in process of construction.   This is indicated throughout by the language of the specific provisions,

For instance, beginning with the words " Touching adventures and perils," the specific reference is always " *to said ship or vessel.*" Further, the insurance is to cover " *all risks of a trial trip,*" " *with leave to proceed from any wet or dry dock, harbors,*" etc., " *with leave to fire guns,*" but " *no claim to attach for damage to ship, in case of failure to launch.*" The provision entitled " *collision clause* " is specific in its reference to the ship " *hereby insured.*" Then follows the provision entitled " *protection and indemnity.*" On its face this provision is limited to the " *interest* " of the insured in " *the insured ship.*" The present policy, however, does not insure a ship, and the plaintiff has no interest in an " *insured ship.*" The only interest of the plaintiff is the interest created by reason of the work done, but clearly it is not an interest in " *the insured ship.*" The provision has no application to this case.

It is a general rule of law, applicable to insurance policies, as well as to other instruments, that where the written provisions of the policy or instrument are in conflict and irreconcilable with provisions usually found in the printed portions of the instrument, the latter must be rejected and the written provisions must prevail. (*Bargett* v. *Orient Mut. Ins. Co.,* 3 Bosw. 385, 396, 397; *Benedict* v. *Ocean Ins. Co.,* 31 N. Y. 389; *Harper* v. *Albany Mutual Ins. Co.,* 17 id. 194, 198; *Chadsey* v. *Guion,* 97 id. 333; *Kratzenstein* v. *Western Assurance Co.,* 116 id. 54, 57.) In insurance policies printed words may be entirely rejected when inapplicable to the insurance intended by the parties. (Arnould Marine Ins. [11th ed.] § 73, p. 100.)

There is no provision in the policy before me which indicates an intent to insure against a liability to a stranger, based upon the negligence of the plaintiff. On the contrary, the legal liability of the assured which is covered by the policy is specifically limited to liability for loss or damage to vessels which may be in the hands of the plaintiff or on which it may be engaged in work. In the subsequent clause in the typewritten rider, the insurance is extended to cover the interest of the assured in work on such vessels completed or in process of completion. This, no doubt, would cover the financial interest of the plaintiff for work done. I direct a verdict for the defendants.