## GROSS et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.
### No. 323.

Circuit Court of Appeals, Second Circuit.
July 9, 1934.

Prince & Loeb, of New York City (Sidney J. Loeb, of New York City, of counsel; Leon M. Prince and Harry D. Thirkield, both of New York City, on the brief), for appellants.

Thomas E. White, of New York City, for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

On March 22, 1930, armed robbers entered the jewelry store of Harry L. Gross & Bro., at Jamaica, N. Y., held up Harry L. Gross, who is one of the plaintiffs in this suit, and an employee who was there with him, and stole certain jewelry including some which the plaintiffs claim was covered by a policy of insurance issued by the defendant.

That part of the jewelry with which this suit is concerned was then stolen from a safe on the premises. It had belonged to Celia F. Gross, who had been the wife of Harry L. Gross until her death on November 28, 1928, and had all been used by Mrs. Gross for her personal adornment. It was not of a kind suitable to be worn by a man or by children. Mrs. Gross had died intestate and no administrator of her estate was appointed until

Harry L. Gross was granted letters of administration on July 24, 1930, about four months after the robbery. After that this suit was brought by him both individually and as administrator and by the three minor children of Celia F. Gross appearing as plaintiffs by him as their guardian ad litem. All the plaintiffs are residents of New York.

The defendant, a Maryland corporation licensed to do business in New York, issued to Harry Gross, who is one of the plaintiffs, a policy of burglary, theft, and larceny insurance which took effect July 24, 1929, and was in force when the Jamaica store was robbed and this jewelry stolen. This insurance covered, under clause I, loss of the property insured by burglary, robbery, theft, or larceny at premises occupied by Mr. Gross at 643 Empire boulevard, Brooklyn, N. Y. Under clause II, loss of property from any of the above-named causes if taken from within any safe deposit box in a vault in a bank or trust or safe deposit company in the United States or Canada was covered. Under clause III, the defendant agreed to indemnify the assured for all damage, except by fire, to such property or premises caused in the ways named or by attempts to do those acts. Only under clause IV, do the plaintiffs claim the right to recover in this suit. These clauses read as follows:

*"Indemnity for Loss.*

"I. To Indemnify the Assured for all loss by burglary, robbery, theft or larceny, of any of the property insured hereunder, from within the premises occupied by the Assured and as hereinafter defined, committed by a guest or by any domestic servant or other employee of the Assured, or by any person whose property is not covered hereby.

*"Loss from Safe Deposit Boxes.*

"II. To Indemnify the Assured for all loss by burglary, robbery, theft or larceny, committed as aforesaid, of such property from within any safe deposit box in a vault in any bank or trust or safe deposit company situate in the United States of America or the Dominion of Canada.

*"Indemnity for Damage.*

"III. To Indemnify the Assured for all damage (except by fire) to such property and premises caused by such burglary, robbery, theft or larceny, or attempt thereat.

*"Personal Hold-up.*

"IV. To Indemnify the Assured (if insurance is provided in section (d) of Item 8 of the Declarations but not otherwise) for all loss or damage by robbery, of money and securities not exceeding $50.00, and jewelry, watches, clothing and articles of personal adornment, owned by any of the persons whose property is covered hereby as specified in Condition A hereof, provided such loss or damage shall occur within the limits of the United States of America or the Dominion of Canada. 'Robbery' as used herein shall mean a felonious and forcible taking of such property from any of the individuals covered hereby, who is over eighteen years of age, accompanied by bodily injury or threat of bodily injury to the person from whom the property is taken, or by putting such person in fear of bodily injury."

Section (d) of item 8 of the declaration provided for insurance in the amount of $4,000. All of the individual plaintiffs are persons whose property was covered as specified in condition A mentioned in clause IV of the policy. Condition B of the policy, however, relieved the defendant from liability for the loss of property held for sale on premises used for business purposes unless so declared, and there was no such declaration. The articles were stolen from premises used for business purposes, and the trial judge found as a fair inference from the evidence, since one piece of the jewelry left by Mrs. Gross had been sold and the remainder was kept in a safe in a store where jewelry was for sale, that the stolen jewelry was kept there for sale. However, he did not make that the sole basis of the judgment. He held also that the jewelry was owned by the estate of Mrs. Gross at the time it was stolen, and that accordingly the policy did not cover it. Certainly the estate of Celia Gross was not within the phrase, "any of the persons whose property is covered hereby as specified in Condition A hereof," found in clause IV. Such persons were only Gross himself and any permanent member of his household who did not pay board or rent, including any of his relatives who resided permanently with him. But we do not think the decision should turn on the question of ownership of the stolen jewelry. All the heirs and next of kin of Mrs. Gross are plaintiffs and, as she died intestate and apparently left no debts, they were the persons entitled under the law of New York to this jewelry when she died. Read et al. v. Williams et al., 125 N. Y. 560, 570, 26 N. E. 730, 21 Am. St. Rep. 748.

However, even if the jewelry was in the safe in the store for safe-keeping and not for sale and was owned by the individual plaintiffs, it is claimed that a fair and reasonable construction of clause IV will not permit

them to recover. But doubtful language is to be taken most strongly against the defendant who chose to use it. Greenbaum v. Columbian Nat. Life Ins. Co., 62 F.(2d) 56 (C. C. A. 2); Bushey & Sons v. American Ins. Co., 237 N. Y. 24, 142 N. E. 340. The policy covered four kinds of situations. Clause I related to loss from within the premises named in the policy; clause II to loss from within a safe deposit box in a bank, trust company, or safe deposit company; and clause III to damage, except by fire, "to such property and premises." The coverage in all three clauses was conditioned upon the location of the property. Clause IV, however, covered both loss and damage by robbery anywhere in this country or in Canada which was, so far as now material, defined to be "a felonious and forcible taking of such property from any of the individuals covered. * * * " So it seems clear that the four clauses together covered both loss and damage suffered by any of the assured to the property insured because of the commission of any of the crimes named within the premises designated, including damage to such premises, regardless of whether there was any assault upon any of the assured or not, and also covered loss or damage, limited to the property insured, when the commission of any of the crimes mentioned was accomplished by an assault upon at least one of the assured at any place within this country or Canada. While such a classification of risks may have been intended to be mutually exclusive as between the first two taken together, which are conditioned upon physical location of the property, and clause IV which is conditioned upon the manner of the commission of the crime causing the loss of, or damage to, the property, it was incumbent upon the defendant under the rule of construction above mentioned to use language which would make such meaning plain if it would so limit its risk. Having failed to do that, it has no just cause of complaint if its policy is read as broadly as the words in their context fairly permit. When so construed, we think there can be no other fair conclusion than that, when Gross and his employee were assaulted and overcome by force in his store and the jewelry then stolen from a safe in that store as one of the direct and immediate results of such assault, there was a felonious and forcible taking of such jewelry from Gross within the meaning of clause IV.

██ Nevertheless the judgment must be affirmed. As the trial was by court with a jury waived, all reasonable inferences drawn by the trial judge from the facts have the same force and effect as though drawn by a jury. Pneumatic Scale Corporation, Ltd., v. Mainwaring, 286 F. 378 (C. C. A. 2); Delaware, L. & W. R. Co. v. Kutter, 147 F. 51, 57 (C. C. A. 2). The finding of the trial judge that this jewelry was kept for sale has such support in the evidence that the fact has been established and must be given effect on this appeal. · United States v. National City Bank of New York, 281 F. 754, 759 (C. C. A. 2). Consequently the loss was excluded from the coverage of the policy under condition H.

Judgment affirmed.