Nathaniel T. Helman, J.
This action was tried by the court without a jury, findings of fact and conclusions of law having been waived.
Plaintiff sued under a Manufacturers & Contractors’ Legal Liability Policy, for moneys expended by him in the repair of a quantity of glass at Hunter College in the City of New York. During the effective period of the policy (April 17, 1957-April 17, 1958) plaintiff entered into a contract with the Board of Higher Education of the City of New York for the repair and rehabilitation of approximately 4,500 windows and trim at Hunter College. On November 12, 1957 the board advised plaintiff that 189 glass lights had been broken during the progress of the work.
In explanation of his failure to promptly notify the insurance company of the damage claim asserted by the board, plaintiff testified that he was ill at home from November 10 to the first week in December; thereafter, upon his return to the office, he communicated with the board and a period of inspection and verification of the damages followed, so that notification to the defendant was not attempted until December 11 when a letter was forwarded by plaintiff to his broker. Defendant first received the broker’s communication on December 17, 1957. By communication dated February 27, 1958, defendant *133 declined liability under the policy whereupon on March 7, 1958, plaintiff contracted to repair the damaged lights at a cost to plaintiff of $2,362.50, the amount for which the present suit was brought.
The answer contains two separate defenses:
1. That plaintiff did not give proper notice ,of accident or suit.
2. That under the deductible property damage liability provisions of the policy, the sum of $100 was deductible for each accident, and that plaintiff’s claim for damage is founded on 189 separate accidents involving the broken or shattered glass.
Paragraph 9 of the policy deals with the subject of notice, and requires written notice “ as soon as practicable ”. It has been frequently held that when an excuse is shown for the delay, the question of whether notice was given “ as soon as practicable ” is one of fact for the court or jury (Vanderbilt v. Indemnity Ins. Co. of North America, 265 App. Div. 495; West Virginia Pulp & Paper Co. v. Merchants Mut. Ins. Co., 10 A D 2d 451; Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302; Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51).
The words “ as soon as practicable ” have been termed “ roomy words” subject to the impact of particular facts on particular cases, requiring that notice be communicated within a reasonable time under all the circumstances (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127, 130).
I find no basis for discrediting plaintiff’s testimony concerning his temporary illness and it appears to me that his activities following his return to his duties were in no wise dilatory, nor prejudicial to the interests of the assured (Solomon v. Continental Fire Ins. Co., 160 N. Y. 595; Basar v. Great American Ind. Co., 306 N. Y. 481; Greenwich Bank v. Hartford Fire Ins. Co., 250 N. Y. 116).
The second affirmative defense is based upon the provisions of the deductible property damage liability clause as follows: ‘ ‘ $100.00 shall be deducted from the total amount of all sums which the insured shall become legally obligated to pay as damages on account of injury to or destruction of all property of one person or organization, and as respects claims for injury to or destruction of property, the company shall be liable only for the difference between the applicable limit of liability for ‘ each accident ’ as stated in the policy and the sum of the deductible amounts applicable to all claims as the result of such accident.”
Were all the facts surrounding the occurrences described in the complaint undisputed, the court would have little difficulty *134 in interpreting the ‘ ‘ limits of liability ’ ’ provisions of the policy and applying the basic principles involved to these facts. Unfortunately, defendant has asked the court to draw inferences from the proof, which at best must be deemed speculative. Thus, defendant urges ‘ ‘ the Court must judicially notice that no singular event caused the damage and that if there were accidents there were 189 separate accidents ”. Defendant, having rested on plaintiff’s proof, plaintiff is certainly entitled to the natural and reasonable inferences to be drawn therefrom.
I conclude that the damage to the lights occurred during the period when plaintiff was engaged in performing his obligations to the Board of Higher Education under his contract; that one of the obligations assumed by the plaintiff under said contract was to 1 ‘ protect the finished and unfinished work ’ ’; furthermore that the distribution of lights on various floors in the building and in separate rooms, did not compel a finding that each damaged light resulted from a separate and distinct accident.
While plaintiff had the burden of proving its claim, defendant was not relieved of the necessity of proving any facts “ which, despite the ‘ coverage ’ provisions, will bar recovery on the policy” (Buffalo’s Trucking Serv. v. National Ben-Franklin Ins. Co., 243 F. 2d 949, 953).
In reaching its conclusion the court is mindful of fundamental principles of interpretation which have served as a guide in construing these policy provisions. A contract of insurance, couched in language chosen by the insurer, is open to the construction sought by the insured, and is to be construed most strongly against the insurer and liberally in favor of the insured (Broadway Realty Co. v. Lawyers Title Ins. & Trust Co., 226 N. Y. 335; Bushey & Sons v. American Ins. Co., 237 N. Y. 24; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51; Howell v. John Hancock Mut. Life Ins. Co., 286 N. Y. 179).
Exceptions or exemptions and words of limitation are strictly construed against the insurer where they are of uncertain import or reasonably susceptible of double construction. (Hood v. Manhattan Fire Ins. Co., 11 N. Y. 532; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44; Mohawk Val. Fuel Co, v. Home Ind. Co., 8 Misc 2d 445; Naiman v. Niagara Fire Ins. Co., 285 App. Div. 706.) Any ambiguity in the insurance contract must be resolved against the company issuing it. While the insurer may protect itself against risks which it does not wish to take it must manifest its intention to exclude such risks in clear, unequivocal language (Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545; Turner v. Mutual Benefit Health & Acc. Assn., 5 Misc 2d 524; Jacobs v. United States Fid. & Guar. Co., 2 Misc 2d 428).
*135 The court should look for such a construction as would form a harmonious plan for insurance of the nature contemplated by the parties (Guarisco v. Massachusetts Bonding & Ins. Co., 258 App. Div. 889).
The word “ accident ” has been the subject of much judicial interpretation and was best defined in the case of Paul v. Travelers’ Ins. Co. (112 N. Y. 472, 478) as “ the happening of an event without the aid and design of the person and which is unforeseen ”. In the more recent case of Johnson Corp v. Indemnity Ins. Co. of North America (7 N Y 2d 222) it was held that the word ‘1 accident ” is to be construed in the same way that the ordinary man on the street would construe it when purchasing and paying for insurance. While no authority has been called to our attention in this State in which the particular question involved in this lawsuit has been determined, the meaning of the words “ each accident” as related to this type of policy of insurance was recently interpreted in the California decision of Haerens v. Commercial Cas. Ins. Co. (130 Cal. App. 2d 892). There, on almost identical facts, the court supported the view that damage to separate panes of glass in the course of work performed by a subcontractor engaged in a painting operation, did not place each damaged pane in the category of a “ separate accident ’ ’. The only other case of similar purport that has been brought to our attention by the briefs of learned c.ounsel is Elston-Richards Stor. Co. v. Indemnity Ins. Co. (194 F. Supp. 673, 677, affd. 291 F. 2d 627). There, however, the court, in construing the words of exception “ arising from any one event or occurrence ” found as a fact that over a period of nine months merchandise placed on a special truck had been “ damaged from day to day and from time to time ’ ’ thus eliminating the possibility that “ one event ” had caused the injury.
There remain several other contentions of the defendant which the court will separately consider.
The claim that plaintiff’s payment for the damage (conceded to be reasonable) was not a proper basis for indemnity, and that plaintiff should have first subjected itself to a judgment, is without merit. Defendant having, by its letter of Feburary 27, 1958, disclaimed liability, plaintiff was free to make a reasonable payment for the damage (Berger Bros. Elec. Motors v. New Amsterdam Cas. Co., 178 Misc. 1053, revd. 267 App. Div. 333, revd. 293 N. Y. 523; Joy Bldgs. v. Travelers Ins. Co., 19 Misc 2d 786; Paul v. Travelers Ins. Co., 112 N. Y. 472, supra).
Nor do we credit defendant’s claim that the lights were in the “care, custody and control” of plaintiff while he was performing his contract so as to exclude him from recovery. *136 (See Haerens v. Commercial Cas. Ins. Co., 130 Cal. App. 2d 892, supra.)
It is my opinion that the parties intended to embrace within the scope of this policy property damage such as is described in the complaint, and that the damaged lights were not created by 189 accidents as contended by the defendant so as to bring this claim within the exclusatory provisions of the policy.
Accordingly, judgment will be rendered for the plaintiff in the sum of $2,262.50 (allowance having been made for a $100 deduction under Par. 9) together with interest thereon from February 27, 1958. Defendant may have 30 days’ stay and 60 days to make a case.