OPINION OF THE COURT
Saralee Evans, J.
*792 Plaintiff condominium owner seeks a declaration that the company insuring title to his premises is obliged to defend and indemnify him in connection with a suit brought by the owner of the building adjacent to his. That owner, Wampanoag Development Co., LLC, has brought an action alleging that elements of the building in which plaintiff owns a unit encroach upon the adjoining building with which it shares a party wall. The action alleges that a vertical extension of the demising wall rising above the roof of Wampanoag’s building, as well as elements built onto that extension, including flue pipes, a ladder, wiring conduits, and cable boxes, encroach upon Wampanoag’s property. It also alleges the existence of illegal lot line windows.
When plaintiff’s attorney forwarded the summons and complaint to defendant title insurance company, it disclaimed any obligation to defend or indemnify, citing an exception contained in the policy for facts that an accurate survey would show. Defendant also contended that some of the allegations of the complaint allege violations of the building code, zoning and other laws not affecting title to the property, which do not give rise to a duty to defend.
The law is clear that “[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend.” (Hotel des Artistes, Inc. v General Acc. Ins. Co., 9 AD3d 181, 187 [1st Dept 2004] [internal quotation marks omitted], quoting Technicon Elees. Corp. v American Home Assur. Co., 74 NY2d 66, 73 [1989].) The fact that the complaint raises issues with the existence of lot line windows does not, therefore, impact on the insurance company’s duty of defense and indemnification with respect to claims that do affect plaintiffs title to the property.
With respect to the survey exception, the title policy was issued in June of 1997, when plaintiff purchased his condominium from the sponsor. The deed to the unit recites as part of the description that it is subject to the facts shown on a survey dated February 16, 1996 by Boro Land Surveying, PC. The title insurance commitment did not state that there would be an exception based on the absence of another survey; however, the policy itself contains the following provision: “Policy excepts any state of facts an accurate survey would show, although any encroachment of a portion of the unit structure upon other units or upon the common elements may remain undisturbed as long as same shall stand.”
The policy at issue also provides, as part of the condominium endorsement, that
*793 “[t]he Company insures the insured against loss or damage sustained by reason of: . . . Any obligation to remove any improvements which exist at Date of Policy because of any present encroachments or because of any future unintentional encroachments of the common elements upon any unit or of any unit upon the common elements or another unit.”
Defendant insurance company appears to contend that it is not responsible for plaintiffs defense because it is a neighboring building and not another unit or common element that is allegedly encroached upon.
Title insurance insures owners of real property against loss by reason of defective titles and encumbrances thereon. (Insurance Law § 1113 [a] [18].) If plaintiffs building and his condominium unit encroach on the neighboring building as alleged, this would certainly constitute a defect, lien, objection or encumbrance upon the unit’s marketability. (See, Broadway Realty Co. v Lawyers Tit. Ins. & Trust Co., 226 NY 335, 338 [1919].) In fact, the existence of the claim against plaintiff has hindered his sale of the unit. The allegations raised in Wampanoag’s complaint would therefore entitle plaintiff to coverage unless they are excepted under the terms of the policy. Defendant raises the survey exception and further contends that the limitation set forth in the exclusion does not pertain to the encroachment alleged.
General rules of contract construction apply to title insurance policies. An ambiguity in the policy will be construed in favor of the insured and exceptions to coverage will be narrowly read, the burden of proof in establishing an exclusion falling on the insurer. (Inavest Enters. v TRW Tit. Ins. of N.Y., 151 Misc 2d 402, 404-405 [Sup Ct, Rockland County 1991], and cases cited therein.) It thus falls to defendant to establish the meaning and applicability of the exclusion upon which it relies, and to negate coverage, “an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case.” (Hotel des Artistes, Inc. v General Acc. Ins. Co. at 189, citing Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640 [1993]; Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179, 187 [1981], and cases cited therein.)
To determine whether an insurer has a duty to defend its insured, the allegations of the complaint must be examined in light of the provisions of the policy. If any claims arguably fall *794 within the scope of the risks undertaken by the insurer, the burden rests with a company claiming an exclusion to “demonstrate that the allegations of the complaint can be interpreted only to exclude coverage.” (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 444 [2002].) In that light, defendant’s interpretation of the survey exception in this case is untenable. Defendant undertook to insure that plaintiff had clear title to the property as described in the deed, and the deed made specific reference to a survey of the property as part of the offering plan. There is no factual basis for defendant’s argument that the survey was out of date or did not reveal the alleged encroachments. Nor has it been demonstrated that another survey would reveal the claimed encroachment seven inches onto the adjoining property’s air rights beginning 40 feet in the air.
Moreover, the condominium endorsement expressly insures against “any present encroachments” without qualification, which is the purpose of title insurance. To limit coverage for existing encroachments to those involving other units and common areas contradicts the plain meaning of the words. “Policy exclusions are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction.” (Incorporated Vil. of Cedarhurst v Hanover Ins. Co., 89 NY2d 293, 298 [1996] [internal quotation marks omitted].)
Defendant’s obligation to tender a defense to plaintiff is clear. Because some of the allegations of the complaint arguably fall outside of the ambit of the policy, a determination of defendant’s ultimate duty to indemnify plaintiff or a potential buyer shall await the outcome of the action.